

**Benjamin W. Hulse**
**Direct Dial:  612-343-3256**
**E-Mail:  bhulse@blackwellburke.com**

September 6, 2011

The Honorable Tony N. Leung
United States Magistrate Judge
U.S. Courthouse
Chambers 342
316 North Robert Street
Saint Paul, MN  55101

Re:   *Carlson, Inc. v. International Business Machines Corp.*
      Case No. 10-CV-3410 (JNE/TNL)

Dear Judge Leung:

This letter provides International Business Machines Corporation's (IBM) position on the calculation of time for Rule 30(b)(6) depositions in the above-captioned matter, pursuant to this Court's request at the Rule 16 conference held on August 26, 2011.

> **IBM's Position**
>
> Each Rule 30(b)(6) deposition notice that a party serves will count as at least one deposition.  If the deposition is seven hours or less, it will count as one deposition, regardless of how many individual deponents the responding party designates.  Any deposition time beyond seven hours will be considered an additional deposition.  Any unused time from the seven-hour period expires and may not be applied to subsequent Rule 30(b)(6) depositions.

The heart of the parties' dispute on this topic is whether any time remaining from the seven-hour period may be applied to future depositions arising from new Rule 30(b)(6) depositions.  For the reasons that follow, IBM's proposal is the most reasonable and practical manner of calculating Rule 30(b)(6) depositions in this litigation.

**1.  IBM's Proposal Adheres to the "One Day of Seven Hours" Limit on Depositions.**

IBM proposes that a Rule 30(b)(6) deposition is one day of up to seven hours.  This aligns with the plain language of Federal Rule of Civil Procedure 30(d)(1), which states that "a deposition is limited to **1 day of 7 hours**."

Carlson would undermine this rule by allowing a party to bank any time remaining at the end of a Rule 30(b)(6) deposition and apply it to a future deposition.  Thus, instead of seven hours, a Rule 30(b)(6) deposition could be nine hours – or fifteen hours, or thirty hours – and still count as one deposition, depending on how much time the party had banked from previous depositions.

The Honorable Tony N. Leung
September 6, 2011
Page 2

The rule simply does not contemplate a scenario where a party may store unused time and apply it to some future deposition. If a party chooses not to use the full seven hours of a Rule 30(b)(6) deposition, the remaining time expires and is no longer available to that party. Precedent from this Court shows that a party may not store time even with respect to a single fact witness deposed for less than seven hours. *See Cardenas v. Prudential Ins. Co. of Am.*, 2003 WL 21302960, at *1 n.1 (D. Minn. May 16, 2003) (plaintiffs "exhausted" their one-day deposition for each witness "even if plaintiffs chose not to use their full seven hours in each day").

**2. IBM's Proposal Eliminates Guesswork.**

IBM's proposal provides a solid framework that eliminates uncertainty in planning and preparing witnesses for Rule 30(b)(6) depositions. When a party receives a Rule 30(b)(6) notice, it will know that all of the noticed topics must be covered within a seven-hour period. In contrast, under Carlson's plan, a party receiving a Rule 30(b)(6) notice would need to calculate how much time the opponent had remaining after its previous Rule 30(b)(6) deposition, and then guess whether the opponent intends to apply that remaining time to this new deposition, or stay within the seven-hour limit imposed by the rules.

Thus, IBM's proposal cuts out unnecessary guesswork and provides a clean and simple method for understanding the time allotted for the topics covered by a Rule 30(b)(6) notice.

**3. IBM's Proposal Encourages the Parties to Plan Depositions Responsibly.**

IBM's proposal also provides the best incentive for the parties to reasonably limit the number and scope of topics in each deposition notice. Carlson's plan could lead to cumbersome Rule 30(b)(6) deposition notices covering a large number of topics, since a party could use banked time to depose witnesses far beyond the seven hours provided by the rule.

IBM's plan, in contrast, would require the parties to make discrete Rule 30(b)(6) requests, covering only those topics that could reasonably be covered in a seven-hour period.

*  *  *  *  *  *

For the foregoing reasons, IBM respectfully requests that this Court order:

(1) Each Rule 30(b)(6) deposition notice that a party serves will count as at least one deposition;

(2) If a Rule 30(b)(6) deposition is seven hours or less, it will count as one deposition, regardless of how many individual deponents the responding party designates;

(3) Any deposition time based on a Rule 30(b)(6) notice that extends beyond seven hours will be considered an additional deposition;

(4) Any unused time from the seven-hour period expires and may not be applied to subsequent Rule 30(b)(6) notices.



The Honorable Tony N. Leung
September 6, 2011
Page 3


Respectfully submitted,

/s/ Benjamin W. Hulse

Benjamin W. Hulse

BWH/ck

