**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

ATTORNEYS AT LAW

800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

Martin R. Lueck
Chariman, Executive Board
mrlueck@rkmc.com
612-349-8587

September 6, 2011                                                          *Via ECF*

The Honorable Tony N. Leung
Magistrate Judge, U.S. District Court
342 Warren E. Burger Federal Courthouse
316 North Robert Street
St. Paul, MN 55101

   Re: *Carlson, Inc. v. International Business Machines Corporation*
      Civ. No. 10-cv-03410-JNE-TNL

Dear Magistrate Judge Leung:

  Pursuant to your request at the pretrial conference on August 26, 2011 and the Pretrial Scheduling Order dated September 2, 2011 (Doc. No. 91), Carlson, Inc. respectfully submits this letter as to how Rule 30(b)(6) depositions should be counted against the numerical deposition limit in the above-entitled matter. The parties' positions are as follows:

| Carlson | IBM |
|---|---|
| Carlson proposes that every seven (7) hours constitutes one deposition, regardless of the number of topics covered or witnesses presented on those topics. | IBM has proposed that "one deposition is a period of up to 7 hours"— in other words, counting a Rule 30(b)(6) deposition as one deposition even if it is less than 7 hours. |

  Carlson's position is consistent with the Federal Rules of Civil Procedure. Rule 30(d) contemplates that one deposition is a full 7 hours. Carlson's position is also consistent with the 1993 Advisory Committee Notes for Rule 30 which state that, for purposes of calculating the number

Magistrate Judge Leung
September 6, 2011
Page 2

___

of depositions in a case, "a deposition under Rule 30(b)(6) should . . . be treated as a single deposition, even though more than one person may be designated to testify." Carlson proposes that the parties use the standard seven-hour duration contemplated in Rule 30(d) to measure all depositions.

Carlson's proposal encourages the parties to construct reasonable and responsible Rule 30(b)(6) topics. Under Carlson's proposal, overly broad deposition topics (those not capable of being completed within one seven-hour period) would be disadvantageous because they would run the risk of prolonging depositions—thus counting against the numerical deposition limit in this case.

Carlson's proposal allows for greater efficiency and flexibility by the parties during discovery. Carlson's approach allows the parties to prepare multiple, narrow deposition topics, all capable of being handled within 7 hours, without having those depositions counted as separate depositions. Further, if there are Rule 30(b)(6) depositions in different parts of the country (which the noticing party has no ability to control), it would be easier to accommodate counsel and witnesses if depositions need to be scheduled on back-to-back days. The parties could take a short deposition, without having it count against the numerical limit, and still be able to travel to the next location to finish that Rule 30(b)(6) deposition.

On the other hand, IBM's proposal would encourage gamesmanship and inefficiency. For example, IBM's approach encourages a party to name multiple witnesses in order to answer deposition topics simply to increase the number of depositions counted against the limit. In addition, under IBM's approach, inefficiency in the form of fishing expeditions might occur during depositions that are shorter than anticipated—because the party knows that stopping early will still count as one deposition.  In other words, if a party is going to be charged one deposition anyway, there is no harm (indeed, there would be incentive) to continue the deposition and ask lines of questioning that might otherwise have been forgone. Further, under IBM's proposal, the parties would likely have to forego scheduling back-to-back depositions in

82460698.1

Magistrate Judge Leung
September 6, 2011
Page 3

---

different parts of the country because they would risk having to cut a deposition short—and having it count against the deposition limit—in order to travel to the next deposition.

IBM's proposal also in effect cuts off the seven-hour presumption set forth in the Federal Rules of Civil Procedure and runs counter to the Advisory Committee Notes for Rule 30.

Finally, as opposed to Carlson's proposal, IBM's proposal encourages overly broad deposition topics and unnecessarily long depositions. Under IBM's proposal, for example, a narrowly tailored deposition topic on the subject of whether IBM performed specific services under the MSA could result in a short three-hour deposition of one witness counting against the numerical deposition limit. Therefore, IBM's proposal would encourage drafting a much broader deposition topic and taking a longer deposition simply because the party wishes to use a full 7 hours—because anything less would still count as one deposition.

Carlson respectfully requests that the Court adopt its position on Rule 30(b)(6) deposition counting.

        Respectfully submitted,

        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

        /s/ Martin R. Lueck

        Martin R. Lueck

cc: Counsel of Record (via ECF)

82460698.1