UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlson, Inc.,

        Plaintiff,

v.

        Case No. 10-CV-3410 (JNE/TNL)
        ORDER

International Business Machines Corporation,

        Defendant.

Defendant IBM has moved in limine under Federal Rule of Evidence 802 to exclude a collection of documents referred to as the 2010 Services Assessment offered by Plaintiff Carlson, Inc. ECF No. 434. For the reasons discussed below, the motion will be granted.

The 2010 Services Assessment was created by Carlson employees in early 2010, after Carlson took the services that had been outsourced to IBM under the parties' contractual arrangement back in-house and roughly six months before Carlson filed suit. The document consists in large part of a spreadsheet listing "Carlson's Requirements" over the course of the outsourcing contract from 2006 to 2009. In the Assessment, the Carlson employees retrospectively rated IBM's performance of each requirement on a scale of 0 to 1, with 0 indicating "not performing," .5 partially performing, and 1 "performing." For many of the ratings, the Carlson employees also provided brief comments.

Carlson, implicitly acknowledging that the 2010 Services Assessment is hearsay, argues that it is nonetheless admissible under Rules 803(6) and 807 of the Federal Rules of Evidence.

Rule 803(6) provides an exception to the general rule of hearsay inadmissibility for "records of an act, event, condition, opinion, or diagnosis," provided that several enumerated conditions are met:

      (A)    the record was made at or near the time by — or from information transmitted by — someone with knowledge;
      (B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
      (C)    making the record was a regular practice of that activity;
      (D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
      (E)    neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The Eighth Circuit has directed district courts to apply a burden-shifting scheme to this rule, such that "once the offering party has met its burden of establishing the foundational requirements of the business records exception, the burden shifts to the party opposing admission to prove inadmissibility by establishing sufficient indicia of untrustworthiness." *Shelton v. Consumer Products Safety Com'n*, 277 F.3d 998, 1010 (8th Cir. 2002).

      Carlson has not satisfied its initial burden of establishing that the 2010 Services Assessment meets the foundational requirements of this rule, and even if it could, IBM has carried its burden of establishing that the Assessment contains sufficient indicia of untrustworthiness that it should not be admitted for the truth of the matter asserted therein. The Eighth Circuit has emphasized that "[t]he purpose of Rule 803(6) is to admit hearsay evidence, as long as it possesses sufficient trustworthiness, which 'justif[ies] nonproduction of the declarant at trial even though he may be available.'" *Chadwell v. Koch Refining Co., L.P.*, 251 F.3d 727, 732 (8th Cir. 2001) (quoting Advisory Committee Note to Rule 803). The 2010 Services Assessment is not the sort of contemporaneous, nearly automatic record that merits the presumption of regularity – and therefore trustworthiness – contemplated by this rule. It cannot be said, as it should be for records admitted under Rule 803(6), that cross-examination would not add much to the business of ascertaining the truth of the matter asserted in the 2010 Services Assessment.

Carlson's appeal to Rule 807 is also unavailing.  This "residual exception" to Rule 802 does not relax the requirements of the hearsay exceptions in Rules 803 and 804, but rather provides for the admission of hearsay that is "not specifically covered" by one of those specific exceptions but bears "equivalent circumstantial guarantees of trustworthiness . . ."  Because the 2010 Services Assessment does not bear the hallmarks of trustworthiness required by Rule 803(6), Rule 807 is not a vehicle for its admission.  *See, e.g., U.S. v. Renville*, 779 F.2d 430, 439 (8th Cir. 1985) (noting that Congress intended the residual hearsay exception to be used only "in exceptional circumstances where the evidence . . . carried a guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions") (citation omitted); *U.S. v. Love*, 592 F.2d 1022, 1027 (8th Cir. 1979).

Therefore, the 2010 Services Assessment is inadmissible under Rule 802 to prove the truth of the matter asserted therein, and IBM's motion to exclude it – and all drafts and iterations thereof – on that basis will be granted.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Defendant IBM's Motion in Limine to Exclude Assessment of IBM Performance Prepared in Anticipation of Litigation [ECF No. 434] is GRANTED.

Dated: March 17, 2014                              s/Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge